# EXHIBIT A

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2025 Nov 19 11:05 AM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. _____

( ◉ ) Lawsuit
( ○ ) Divorce

Ad Damnum $ 327,414.00

| BAXTER BAILEY & ASSOCIATES, INC., | VS | AMAZON.COM SERVICES, LLC, |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

AMAZON.COM SERVICES, LLC, serve Registered Agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

Method of Service:
( ○ ) Certified Mail
( ○ ) Shelby County Sheriff
( ○ ) Commissioner of Insurance ($)
( ○ ) Secretary of State ($)
( ○ ) Other TN County Sheriff ($)
( ◉ ) Private Process Server
( ○ ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on T. Edgar Davison Plaintiff's attorney, whose address is 6000 Poplar Ave., Suite 250, Memphis, TN 38119 telephone 901-230-7749 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                    By: _____

Signature of person accepting service                                        Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**          BAXTER BAILEY & ASS. VS AMAZON.COM SER.

**Case Number:**      CT-5982-25

**Type:**                    SUMMONS ISSD TO MISC

Kinya Jackson, DC

Electronically signed on 11/19/2025 11:15:50 AM

ELECTRONICALLY FILED
2025 Nov 19 11:05 AM
CLERK OF COURT - CIRCUIT

**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

**BAXTER BAILEY & ASSOCIATES, INC.,**

       **Plaintiff,**

**vs.**

**AMAZON.COM SERVICES, LLC,**

       **Defendant.**

**CASE NO._____
Jury Demanded**

---

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Baxter Bailey & Associates, Inc. ("Plaintiff"), as assignee of the motor carriers identified in Exhibit A, files this Complaint against Defendant Amazon.com Services LLC ("Amazon"), and states:

### I. INTRODUCTION

1.     This is an action to recover $327,414.00 in unpaid freight charges for truckload transportation services performed for the benefit of Amazon.

2.     Amazon was the shipper, consignee, or both on the loads at issue. Amazon tendered freight, accepted freight, and materially benefited from the transportation provided by the carriers who assigned their rights to Plaintiff.

3.     The loads were moved, delivered, and accepted by Amazon at multiple Amazon fulfillment and distribution centers throughout the United States, including facilities serving Tennessee.

4.    Under Tennessee law, federal transportation principles, and long-established common-law rules, Amazon is liable for payment of freight charges, regardless of any non-payment by brokers or intermediaries.

## II. PARTIES

5.    Plaintiff Baxter Bailey & Associates, Inc. is the lawful assignee of the freight-charge claims described in this Complaint. Plaintiff has a Tennessee collections license and is authorized to do business in the State of Tennessee.

6.    Defendant Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Washington. Amazon conducts substantial business operations in Tennessee, including multiple fulfillment, distribution, and last-mile delivery facilities within Shelby County and throughout the state. Amazon can be served through Registered Agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

## III. JURISDICTION & VENUE

7.    This Court has subject matter jurisdiction under Tenn. Code Ann. § 16-10-101.

8.    Venue is proper in Shelby County under Tenn. Code Ann. § 20-4-101 because:

   a.    Amazon regularly conducts business in Shelby County and maintains a continuous business presence in this County and throughout Tennessee

   b.    Amazon ships freight into and out of Tennessee, including freight related to the shipments at issue; and

   c.    Amazon may be found in this County and is subject to personal jurisdiction here.

9.      Amazon's extensive business operations in Tennessee, including its fulfillment centers that receive and process freight deliveries, constitute purposeful availment of Tennessee law and courts.

## IV. FACTUAL BACKGROUND

10.     The motor carriers identified in **Exhibit A** transported truckload freight tendered by or destined for Amazon facilities.

11.     For multiple shipments, Amazon appears on bills of lading and shipping documents as the shipper, including but not limited to versions listing "Amazon Fulfillment Services."

12.     For other shipments, Amazon appears or is identifiable as the consignee, receiving the freight at Amazon warehouses, delivery stations, or fulfillment centers.

13.     Amazon accepted the freight without objection, processed the freight, and integrated it into Amazon's distribution network.

14.     The motor carriers issued invoices for the shipments. The brokers or intermediaries failed to remit payment to the carriers.

15.     Each carrier executed a valid assignment transferring all rights, claims, and causes of action arising from these loads to Plaintiff.

16.     Plaintiff made demand for payment. Amazon refused to pay.

17.     Amazon accepted the shipments and benefited from them. Amazon is liable for the freight charges.

## COUNT I — BREACH OF CONTRACT

18.     Plaintiff realleges all prior paragraphs.

19.     For each of the shipments identified in Exhibit A, Amazon requested, authorized, or otherwise arranged for the transportation of freight to or from Amazon facilities, directly or through intermediaries acting on Amazon's behalf.

20.     The motor carriers who performed these transportation services did so in reliance on standard industry practice: that the shipper, consignee, or entity benefiting from the transportation will pay the lawful freight charges, regardless of the conduct of intermediaries.

21.     Amazon tendered the freight into the stream of commerce, dictated the delivery locations, controlled the receiving process, and accepted each shipment without objection. This conduct formed a valid and enforceable implied-in-fact contract between Amazon and the carriers who transported Amazon's goods.

22.     Under Tennessee law, "[a] contract may be implied in whole or in part from the conduct of the parties." Amazon's conduct—requesting transportation, receiving freight, and retaining the benefit—constitutes manifestation of mutual assent and creates contractual obligations.

23.     Amazon breached its contractual obligations by failing and refusing to pay the freight charges totaling $327,414.00, despite accepting the benefits of all services rendered.

24.     As assignee of the carriers' rights, Plaintiff is entitled to recover all unpaid transportation charges, together with pre-judgment interest and costs.

## COUNT II — CONSIGNEE LIABILITY

25.     Plaintiff realleges all prior paragraphs.

26.     For multiple shipments, Amazon was the named consignee, receiving the freight at Amazon fulfillment centers, distribution centers, delivery stations, and warehouses.

27.     Under long-established common-law principles, as well as 49 U.S.C. § 13706 (which, though federal, reflects the universally applied rule of carriage), a consignee who accepts delivery is liable for the lawful freight charges.

28.     Amazon accepted delivery of the shipments at issue, unloaded them, incorporated the goods into its inventory and distribution network, and exercised full dominion and control over the freight.

29.     Acceptance of goods "under circumstances that reasonably require payment for the transportation" triggers consignee liability, regardless of whether a broker failed to remit payment.

30.     Amazon's acceptance of the freight creates a direct obligation to pay the freight charges, independent of any agreements between Amazon and its contracted carriers, brokers, or internal Relay policies.

31.     Amazon's refusal to pay constitutes a violation of its obligations as consignee, and Plaintiff is entitled to judgment for the full unpaid balance.

## COUNT III — SHIPPER LIABILITY

32.     Plaintiff realleges all prior paragraphs.

33.     Amazon appears as shipper on numerous bills of lading, including forms listing "Amazon Fulfillment Services," "Amazon.com," or other Amazon-operated entities in the shipper field.

34.     A shipper is liable for freight charges when it tenders goods for transportation, regardless of whether a broker, intermediary, or Amazon-affiliated contractor is involved.

35.     Tennessee courts, federal courts, and transportation law uniformly recognize that the shipper bears primary responsibility for payment, unless there is a valid written agreement shifting liability. No such agreement exists here between Amazon and the motor carriers.

36.     Amazon tendered the goods for transportation, initiated the movements, controlled the logistics and timing, and maintained dominion over the shipment's origin and destination.

37.     Amazon's status as shipper establishes a direct contractual and legal obligation to pay the freight charges.

38.     Amazon's nonpayment constitutes a breach of its obligations as shipper, and Plaintiff is entitled to recover $327,414.00 plus interest.

### COUNT IV — UNJUST ENRICHMENT

39.     Plaintiff realleges all prior paragraphs.

40.     The carriers provided transportation services that directly benefited Amazon, enabling Amazon to receive, process, and distribute goods through its nationwide fulfillment network.

41.     Amazon obtained and retained the value of the transportation services without paying the lawful charges associated with those services.

42.     Amazon's refusal to compensate the providers of the transportation results in Amazon retaining a windfall at the carriers' expense.

43.     Equity and good conscience require restitution. Amazon should not be permitted to reap the benefits of freight transportation while disclaiming payment responsibility based on the conduct or default of brokers.

44.    Plaintiff, as assignee, is entitled to recover the reasonable value of all services
Amazon accepted, in the amount of $327,414.00.

## COUNT V — QUANTUM MERUIT

45.    Plaintiff realleges all prior paragraphs.

46.    The carriers performed transportation services in good faith, at Amazon's request
or for Amazon's benefit.

47.    The carriers reasonably expected to be paid for the services performed, and
Amazon knew or should have known that payment would be required.

48.    Amazon accepted and used the services, receiving substantial benefit in its
commerce, supply chain management, and fulfillment operations.

49.    Amazon's failure to pay results in unjust retention of the value conferred, and
fairness dictates that Amazon compensate Plaintiff for the reasonable value of the services
provided.

## COUNT VI — ACCOUNT STATED

50.    Plaintiff realleges all prior paragraphs.

51.    Plaintiff and its assignors issued invoices to Amazon reflecting the sums owed for
the transportation services.

52.    These invoices were delivered to Amazon or its agents and were not disputed in a
timely manner.

53.    Amazon did not issue written objections to the freight charges until after Plaintiff
sought collection, which under Tennessee law constitutes assent to the accuracy of the account.

54.    The balance of $327,414.00 therefore constitutes an account stated, and Amazon
is obligated to pay.

## COUNT VII — OPEN ACCOUNT (Tennessee)

55.    Plaintiff realleges all prior paragraphs.

56.    The freight charges constitute a series of transactions for which the carriers maintained a running open account reflecting debits and credits arising from repeated shipments for Amazon's benefit.

57.    Amazon failed to pay these charges despite demand.

58.    Under Tennessee law governing open accounts, Plaintiff is entitled to judgment for the outstanding balance, interest, and costs.

## COUNT VIII — DECLARATORY JUDGMENT

59.    Plaintiff realleges all prior paragraphs.

60.    A real, substantial, and immediate controversy exists regarding Amazon's liability for the freight charges at issue.

61.    Amazon has taken the position that it owes nothing due to internal "Relay" policies concerning subcontracting by certain carriers.

62.    These internal policies have no legal force against motor carriers who were not parties to those agreements and cannot negate shipper/consignee liability established under Tennessee law and established transportation principles.

63.    Plaintiff seeks a judicial declaration that:

    a. Amazon is liable for the unpaid freight charges;

    b. Amazon's internal Relay/subcontractor rules do not eliminate its liability; and

    c. Plaintiff, as assignee, is entitled to payment of the full amount due.

## IX. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Baxter Bailey & Associates, Inc., as

assignee of the motor carriers identified in Exhibit A, respectfully demands judgment in its favor

and against Defendant Amazon.com Services LLC as follows:

1. For monetary damages in the principal amount of $327,414.00, representing the unpaid
   freight charges owed for transportation services performed for the benefit of Amazon;

2. For pre-judgment interest at the maximum lawful rate from the dates the freight charges
   became due and payable, as permitted under Tennessee law;

3. For post-judgment interest at the statutory rate from the date of judgment until paid in
   full;

4. For attorney's fees, where recoverable under Tennessee law, including Tenn. Code Ann.
   § 20-12-119, and any applicable contractual or equitable basis;

5. For all costs of this action, including discretionary costs;

   For a declaratory judgment that:

   a. Amazon is liable for the freight charges as shipper, consignee, or both;

   b. Amazon's internal Relay or subcontractor policies do not negate or extinguish

   Amazon's liability for the transportation services provided; and

   c. Plaintiff, as assignee, holds all enforceable rights to collect the charges

   identified in Exhibit A;

6. For such further, general, and equitable relief as this Court deems just, proper, and
   appropriate under the circumstances.

## X. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/T. Edgar Davison
T. Edgar Davison, TN Bar No. 024388
6000 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
(901) 230-7749
edgar@davisonlawfirm.net

*Attorney for Plaintiff*

ELECTRONICALLY FILED
2025 Nov 19 11:05 AM
CLERK OF COURT - CIRCUIT

# EXHIBIT A
# BAXTER BAILEY ASSIGNED AMAZON FREIGHT CLAIMS

| Assignor | Broker | Balance |
|---|---|---|
| Golden Carrier Ltd | Kuthala Group Inc | $15,400.00 |
| Falcon Transport Inc | Eve Logistics Inc | $19,900.00 |
| Advanced Commercial Capital. Inc | Eve Logistics Inc | $3,200.00 |
| Tin USA Logistics Inc | Freight Max Inc | $5,400.00 |
| Kingship LLC | Eve Logistics Inc | $12,450.00 |
| Jesusmysavior LLC | Top Point Logistics LLC | $8,000.00 |
| Infinity Carriers Inc | Eve Logistics Inc | $5,850.00 |
| Alomarz Trucking LLC | LFGoat LLC | $2,600.00 |
| Golden Express LLC | Eve Logistics Inc | $4,400.00 |
| On-Track Express Freight LLC | Eve Logistics Inc | $4,000.00 |
| BM Financial LLC | GTC Logisticz Inc | $36,000.00 |
| Bobtail Capital | GTC Logisticz Inc | $4,400.00 |
| Bobtail Capital | GTC Logisticz Inc | $8,500.00 |
| Mujweng Logistics LLC | American Transport Inc | $4,000.00 |
| Rialto Inc | Jatm Logistics Inc | $3,000.00 |
| Carriernet Group Financial Inc | IGT Logistics Inc | $21,850.00 |
| Kgs Truckline Inc | GTC Logisticz Inc | $6,000.00 |
| Carriernet Group Financial Inc | IGT Logistics Inc | $11,350.00 |
| Illyrian Transport LLC | GTC Logisticz Inc | $112,200.00 |
| Bitsharp Corporation | GTC Logisticz Inc | $11,450.00 |
| Bobtail Capital | SFS Logistics LLC | $3,200.00 |
| Hoper Inc | GTC Logisticz Inc | $11,000.00 |
| Blue Dots LLC | Eve Logistics Inc | $3,564.00 |
| Carriernet Group Financial Inc | Intercity Direct LLC (Stolen Identity) | $3,200.00 |
| Banahene Trucking LLC | SFS Logistics LLC | $3,300.00 |
| Toneladas Express LLC | Starship Logistics Group LLC | $3,200.00 |
|  |  |  |
|  |  | $327,414.00 |

# EXHIBIT B

**(CIRCUIT/CHANCERY COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2025 Nov 19 11:05 AM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No._____

⦿ Lawsuit
○ Divorce

Ad Damnum $ 327,414.00_____

| | | |
|---|---|---|
| BAXTER BAILEY & ASSOCIATES, INC., | VS | AMAZON.COM SERVICES, LLC, |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

AMAZON.COM SERVICES, LLC, serve Registered Agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
⦿ Private Process Server
○ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on T. Edgar Davison                                    Plaintiff's

attorney, whose address is 6000 Poplar Ave., Suite 250, Memphis, TN 38119

telephone 901-230-7749            within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____



_____                      By: _____
Signature of person accepting service                                        Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.


                                                               By: _____
                                                                     Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**        BAXTER BAILEY & ASS. VS AMAZON.COM SER.

**Case Number:**    CT-5982-25

**Type:**                SUMMONS ISSD TO MISC

Kinya Jackson, DC

Electronically signed on 11/19/2025 11:15:50 AM

ELECTRONICALLY FILED
2025 Nov 19 11:05 AM
CLERK OF COURT - CIRCUIT

# EXHIBIT A
# BAXTER BAILEY ASSIGNED AMAZON FREIGHT CLAIMS

| Assignor | Broker | Balance |
|---|---|---|
| Golden Carrier Ltd | Kuthala Group Inc | $15,400.00 |
| Falcon Transport Inc | Eve Logistics Inc | $19,900.00 |
| Advanced Commercial Capital. Inc | Eve Logistics Inc | $3,200.00 |
| Tin USA Logistics Inc | Freight Max Inc | $5,400.00 |
| Kingship LLC | Eve Logistics Inc | $12,450.00 |
| Jesusmysavior LLC | Top Point Logistics LLC | $8,000.00 |
| Infinity Carriers Inc | Eve Logistics Inc | $5,850.00 |
| Alomarz Trucking LLC | LFGoat LLC | $2,600.00 |
| Golden Express LLC | Eve Logistics Inc | $4,400.00 |
| On-Track Express Freight LLC | Eve Logistics Inc | $4,000.00 |
| BM Financial LLC | GTC Logisticz Inc | $36,000.00 |
| Bobtail Capital | GTC Logisticz Inc | $4,400.00 |
| Bobtail Capital | GTC Logisticz Inc | $8,500.00 |
| Mujweng Logistics LLC | American Transport Inc | $4,000.00 |
| Rialto Inc | Jatm Logistics Inc | $3,000.00 |
| Carriernet Group Financial Inc | IGT Logistics Inc | $21,850.00 |
| Kgs Truckline Inc | GTC Logisticz Inc | $6,000.00 |
| Carriernet Group Financial Inc | IGT Logistics Inc | $11,350.00 |
| Illyrian Transport LLC | GTC Logisticz Inc | $112,200.00 |
| Bitsharp Corporation | GTC Logisticz Inc | $11,450.00 |
| Bobtail Capital | SFS Logistics LLC | $3,200.00 |
| Hoper Inc | GTC Logisticz Inc | $11,000.00 |
| Blue Dots LLC | Eve Logistics Inc | $3,564.00 |
| Carriernet Group Financial Inc | Intercity Direct LLC (Stolen Identity) | $3,200.00 |
| Banahene Trucking LLC | SFS Logistics LLC | $3,300.00 |
| Toneladas Express LLC | Starship Logistics Group LLC | $3,200.00 |
|  |  |  |
|  |  | $327,414.00 |

ELECTRONICALLY FILED
2025 Nov 19 11:05 AM
CLERK OF COURT - CIRCUIT

# IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**BAXTER BAILEY & ASSOCIATES, INC.,**

        **Plaintiff,**

**vs.**

**AMAZON.COM SERVICES, LLC,**

        **Defendant.**

**CASE NO._____**

**Jury Demanded**

---

## COMPLAINT FOR BREACH OF CONTRACT

---

Plaintiff Baxter Bailey & Associates, Inc. ("Plaintiff"), as assignee of the motor carriers identified in Exhibit A, files this Complaint against Defendant Amazon.com Services LLC ("Amazon"), and states:

## I. INTRODUCTION

1.     This is an action to recover $327,414.00 in unpaid freight charges for truckload transportation services performed for the benefit of Amazon.

2.     Amazon was the shipper, consignee, or both on the loads at issue. Amazon tendered freight, accepted freight, and materially benefited from the transportation provided by the carriers who assigned their rights to Plaintiff.

3.     The loads were moved, delivered, and accepted by Amazon at multiple Amazon fulfillment and distribution centers throughout the United States, including facilities serving Tennessee.

4.      Under Tennessee law, federal transportation principles, and long-established common-law rules, Amazon is liable for payment of freight charges, regardless of any non-payment by brokers or intermediaries.

## II. PARTIES

5.      Plaintiff Baxter Bailey & Associates, Inc. is the lawful assignee of the freight-charge claims described in this Complaint.  Plaintiff has a Tennessee collections license and is authorized to do business in the State of Tennessee.

6.      Defendant Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Washington. Amazon conducts substantial business operations in Tennessee, including multiple fulfillment, distribution, and last-mile delivery facilities within Shelby County and throughout the state. Amazon can be served through Registered Agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

## III. JURISDICTION & VENUE

7.      This Court has subject matter jurisdiction under Tenn. Code Ann. § 16-10-101.

8.      Venue is proper in Shelby County under Tenn. Code Ann. § 20-4-101 because:

    a.      Amazon regularly conducts business in Shelby County and maintains a continuous business presence in this County and throughout Tennessee

    b.      Amazon ships freight into and out of Tennessee, including freight related to the shipments at issue; and

    c.      Amazon may be found in this County and is subject to personal jurisdiction here.

9.      Amazon's extensive business operations in Tennessee, including its fulfillment centers that receive and process freight deliveries, constitute purposeful availment of Tennessee law and courts.

## IV. FACTUAL BACKGROUND

10.     The motor carriers identified in **Exhibit A** transported truckload freight tendered by or destined for Amazon facilities.

11.     For multiple shipments, Amazon appears on bills of lading and shipping documents as the shipper, including but not limited to versions listing "Amazon Fulfillment Services."

12.     For other shipments, Amazon appears or is identifiable as the consignee, receiving the freight at Amazon warehouses, delivery stations, or fulfillment centers.

13.     Amazon accepted the freight without objection, processed the freight, and integrated it into Amazon's distribution network.

14.     The motor carriers issued invoices for the shipments. The brokers or intermediaries failed to remit payment to the carriers.

15.     Each carrier executed a valid assignment transferring all rights, claims, and causes of action arising from these loads to Plaintiff.

16.     Plaintiff made demand for payment. Amazon refused to pay.

17.     Amazon accepted the shipments and benefited from them. Amazon is liable for the freight charges.

## COUNT I — BREACH OF CONTRACT

18.     Plaintiff realleges all prior paragraphs.

19.    For each of the shipments identified in Exhibit A, Amazon requested, authorized, or otherwise arranged for the transportation of freight to or from Amazon facilities, directly or through intermediaries acting on Amazon's behalf.

20.    The motor carriers who performed these transportation services did so in reliance on standard industry practice: that the shipper, consignee, or entity benefiting from the transportation will pay the lawful freight charges, regardless of the conduct of intermediaries.

21.    Amazon tendered the freight into the stream of commerce, dictated the delivery locations, controlled the receiving process, and accepted each shipment without objection. This conduct formed a valid and enforceable implied-in-fact contract between Amazon and the carriers who transported Amazon's goods.

22.    Under Tennessee law, "[a] contract may be implied in whole or in part from the conduct of the parties." Amazon's conduct—requesting transportation, receiving freight, and retaining the benefit—constitutes manifestation of mutual assent and creates contractual obligations.

23.    Amazon breached its contractual obligations by failing and refusing to pay the freight charges totaling $327,414.00, despite accepting the benefits of all services rendered.

24.    As assignee of the carriers' rights, Plaintiff is entitled to recover all unpaid transportation charges, together with pre-judgment interest and costs.

### COUNT II — CONSIGNEE LIABILITY

25.    Plaintiff realleges all prior paragraphs.

26.    For multiple shipments, Amazon was the named consignee, receiving the freight at Amazon fulfillment centers, distribution centers, delivery stations, and warehouses.

27.     Under long-established common-law principles, as well as 49 U.S.C. § 13706 (which, though federal, reflects the universally applied rule of carriage), a consignee who accepts delivery is liable for the lawful freight charges.

28.     Amazon accepted delivery of the shipments at issue, unloaded them, incorporated the goods into its inventory and distribution network, and exercised full dominion and control over the freight.

29.     Acceptance of goods "under circumstances that reasonably require payment for the transportation" triggers consignee liability, regardless of whether a broker failed to remit payment.

30.     Amazon's acceptance of the freight creates a direct obligation to pay the freight charges, independent of any agreements between Amazon and its contracted carriers, brokers, or internal Relay policies.

31.     Amazon's refusal to pay constitutes a violation of its obligations as consignee, and Plaintiff is entitled to judgment for the full unpaid balance.

## COUNT III — SHIPPER LIABILITY

32.     Plaintiff realleges all prior paragraphs.

33.     Amazon appears as shipper on numerous bills of lading, including forms listing "Amazon Fulfillment Services," "Amazon.com," or other Amazon-operated entities in the shipper field.

34.     A shipper is liable for freight charges when it tenders goods for transportation, regardless of whether a broker, intermediary, or Amazon-affiliated contractor is involved.

35.    Tennessee courts, federal courts, and transportation law uniformly recognize that the shipper bears primary responsibility for payment, unless there is a valid written agreement shifting liability. No such agreement exists here between Amazon and the motor carriers.

36.    Amazon tendered the goods for transportation, initiated the movements, controlled the logistics and timing, and maintained dominion over the shipment's origin and destination.

37.    Amazon's status as shipper establishes a direct contractual and legal obligation to pay the freight charges.

38.    Amazon's nonpayment constitutes a breach of its obligations as shipper, and Plaintiff is entitled to recover $327,414.00 plus interest.

## COUNT IV — UNJUST ENRICHMENT

39.    Plaintiff realleges all prior paragraphs.

40.    The carriers provided transportation services that directly benefited Amazon, enabling Amazon to receive, process, and distribute goods through its nationwide fulfillment network.

41.    Amazon obtained and retained the value of the transportation services without paying the lawful charges associated with those services.

42.    Amazon's refusal to compensate the providers of the transportation results in Amazon retaining a windfall at the carriers' expense.

43.    Equity and good conscience require restitution. Amazon should not be permitted to reap the benefits of freight transportation while disclaiming payment responsibility based on the conduct or default of brokers.

44.     Plaintiff, as assignee, is entitled to recover the reasonable value of all services

Amazon accepted, in the amount of $327,414.00.

## COUNT V — QUANTUM MERUIT

45.     Plaintiff realleges all prior paragraphs.

46.     The carriers performed transportation services in good faith, at Amazon's request

or for Amazon's benefit.

47.     The carriers reasonably expected to be paid for the services performed, and

Amazon knew or should have known that payment would be required.

48.     Amazon accepted and used the services, receiving substantial benefit in its

commerce, supply chain management, and fulfillment operations.

49.     Amazon's failure to pay results in unjust retention of the value conferred, and

fairness dictates that Amazon compensate Plaintiff for the reasonable value of the services

provided.

## COUNT VI — ACCOUNT STATED

50.     Plaintiff realleges all prior paragraphs.

51.     Plaintiff and its assignors issued invoices to Amazon reflecting the sums owed for

the transportation services.

52.     These invoices were delivered to Amazon or its agents and were not disputed in a

timely manner.

53.     Amazon did not issue written objections to the freight charges until after Plaintiff

sought collection, which under Tennessee law constitutes assent to the accuracy of the account.

54.     The balance of $327,414.00 therefore constitutes an account stated, and Amazon

is obligated to pay.

## COUNT VII — OPEN ACCOUNT (Tennessee)

55.    Plaintiff realleges all prior paragraphs.

56.    The freight charges constitute a series of transactions for which the carriers maintained a running open account reflecting debits and credits arising from repeated shipments for Amazon's benefit.

57.    Amazon failed to pay these charges despite demand.

58.    Under Tennessee law governing open accounts, Plaintiff is entitled to judgment for the outstanding balance, interest, and costs.

## COUNT VIII — DECLARATORY JUDGMENT

59.    Plaintiff realleges all prior paragraphs.

60.    A real, substantial, and immediate controversy exists regarding Amazon's liability for the freight charges at issue.

61.    Amazon has taken the position that it owes nothing due to internal "Relay" policies concerning subcontracting by certain carriers.

62.    These internal policies have no legal force against motor carriers who were not parties to those agreements and cannot negate shipper/consignee liability established under Tennessee law and established transportation principles.

63.    Plaintiff seeks a judicial declaration that:

a. Amazon is liable for the unpaid freight charges;

b. Amazon's internal Relay/subcontractor rules do not eliminate its liability; and

c. Plaintiff, as assignee, is entitled to payment of the full amount due.

## IX. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Baxter Bailey & Associates, Inc., as assignee of the motor carriers identified in Exhibit A, respectfully demands judgment in its favor and against Defendant Amazon.com Services LLC as follows:

1. For monetary damages in the principal amount of $327,414.00, representing the unpaid freight charges owed for transportation services performed for the benefit of Amazon;

2. For pre-judgment interest at the maximum lawful rate from the dates the freight charges became due and payable, as permitted under Tennessee law;

3. For post-judgment interest at the statutory rate from the date of judgment until paid in full;

4. For attorney's fees, where recoverable under Tennessee law, including Tenn. Code Ann. § 20-12-119, and any applicable contractual or equitable basis;

5. For all costs of this action, including discretionary costs;

   For a declaratory judgment that:

   a. Amazon is liable for the freight charges as shipper, consignee, or both;

   b. Amazon's internal Relay or subcontractor policies do not negate or extinguish Amazon's liability for the transportation services provided; and

   c. Plaintiff, as assignee, holds all enforceable rights to collect the charges identified in Exhibit A;

6. For such further, general, and equitable relief as this Court deems just, proper, and appropriate under the circumstances.

## X. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

Page **9** of **10**

Respectfully submitted,

/s/T. Edgar Davison_____
T. Edgar Davison, TN Bar No. 024388
6000 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
(901) 230-7749
edgar@davisonlawfirm.net

*Attorney for Plaintiff*

# Certificate of Electronic Notification

| Recipients |
| --- |
| **T DAVISON III**  - Notification received on 2025-12-10 14:42:34.835. |

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** CT-5982-25

**Judge:**

Judge HONORABLE CEDRICK D WOOTEN - Division 30C8

| | |
|---|---|
| **Official File Stamp:** | 12-10-2025:10:05:01 |
| **Notification Date:** | 12-10-2025:14:42:33 |
| **Court:** | CIRCUIT COURT |
| **Case Title:** | BAXTER BAILEY &ASS. VS AMAZON.COM SER. |
| **Document(s) Submitted:** | AFFIDAVIT Affidavit of Service |
| **Filed By:** | Edgar Davison |

You may review this filing by clicking on the following link to take you to your cases.

This notice was automatically generated by the courts auto-notification system.

–

**The following people were notified electronically:**

T EDGAR DAVISON III for BAXTER BAILEY &ASSOCIATES, INC.

**The following people have NOT been notified electronically by the Court:**

HONORABLE CEDRICK D WOOTEN

**Address:** HONORABLE CEDRICK D WOOTEN

140 Adams

Room 214

Memphis, TN 38103

AMAZON.COM SERVICES, LLC

**Address:**    AMAZON.COM
SERVICES, LLC

2908 POSTON AVE

NASHVILLE, TN 37203

DIVISION SIX

ELECTRONICALLY FILED
2025 Dec 10 10:05 AM
CLERK OF COURT - CIRCUIT



**Music City Courier, Inc**

2275 Knox Lane, White House, TN 37188

Music City Courier   Phone: 615-881-2306 - Email: scott@musiccitycourier.com

# AFFIDAVIT OF SERVICE

I, Scott M. Nance          being duly sworn deposes and says, I have been duly authorized to make service of the documents
listed herin in the above titled case. I am over the age of eighteen years and am not a party to or otherwise interested in this matter.

**PLAINTIFF: Baxter Biley & Associates, Inc.**

**DEFENDANT: Amazon.Com Services, LLC**

**DOCKET#: CT-5982-25**

**DOCUMENTS: Summons in Civil Action**

**DATE OF SERVICE: 12/8/2025**

**TIME SERVED: 9:30 AM**

**ADDRESS OF SERVICE: 2908 Poston Ave, Nashville, TN 37203**

**SERVED TO: Corp Services by serving Cindy Malley as Registered Agent**

I have served said document(s) in compliance with all the laws of the State of Tennessee and the rules of the courts.

Scott M. Nance                    Private Process Server

Sworn and subscribed before me this date:  12-9-25

My commission expires:   My Commission Expires
5/23/2028

Vanessa McMahan



**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2025 Nov 19 11:05 AM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. _CT- 5982 25_

☉ Lawsuit
○ Divorce

Ad Damnum $ 327,414.00

| BAXTER BAILEY & ASSOCIATES, INC., | | AMAZON.COM SERVICES, LLC, |
|---|---|---|
| | VS | |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

AMAZON.COM SERVICES, LLC, serve Registered Agent, Corporation
Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
⊙ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on T. Edgar Davison                     Plaintiff's

attorney, whose address is 6000 Poplar Ave., Suite 250, Memphis, TN 38119

telephone 901-230-7749                     within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____                     By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee certify this to be a true and accurate copy as filed this

_____ 20__

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master    By: _____ , D.C.

# EXHIBIT C

**F0008**
**Fee: $ 25**



**2025130995**

Business ID: 952906
Filed: 02/25/2025 10:20 AM
Michael Watson
Secretary of State

P.O. BOX 136
JACKSON, MS 39205-0136
TELEPHONE: (601) 359-1633

2025  Corporate Annual Report

## Business Information

*Business ID:*  952906

*State of Incorporation:*  MS

*Phone:* (***)***-****
*FEIN:* **-*******

*Business Name:*  Baxter, Bailey & Associates, Inc.
*Business Email:*
wpalladino@cornerstonesupport.com

*Principal Address:*    6858 Swinnea Rd, Bldg 4
Southaven, MS 38671

## Registered Agent

*Name:*    C T CORPORATION SYSTEM

*Address:*    645 LAKELAND EAST DRIVE, Suite 101
FLOWOOD, MS 39232

## Officers

| *Title/Name:* | *Address:* | *Director:* |
|---|---|---|
| **President:**  Marcus Miles Sherwood | 6858 Swinnea Rd, Bldg 4 SOUTHAVEN, MS 38671 | ☑ |
| **Vice President:** | | ☐ |
| **Secretary:** | | ☐ |
| **Treasurer:** | | ☐ |

## Stocks

| *Class:* | *Authorized:* | *Series:* | *Issued:* |
|---|---|---|---|
| Common | 100 | | 1 |

## NAICS Code/Nature of Business

561440 - Collection Agencies
561440 - Collection Agencies

## Signature

By entering my name in the space provided, I certify that I am authorized to file this document on behalf of this entity, have examined the document and, to the best of my knowledge and belief, it is true, correct and complete as of this day *02/25/2025*.

| *Name:* | *Address:* |
| --- | --- |
| Marcus Sherwood | 6858 Swinnea Rd, Bldg 4 |
| *President* | Southaven, MS 38671 |

## Officers List

| *Name:* | *Address:* |
|---|---|
| Marcus Miles Sherwood | 6858 Swinnea Rd, Bldg 4 |
| *Director, President* | SOUTHAVEN, MS 38671 |